IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SCOTT RIDER,

   Plaintiff,      No. CIV S-09-2675 DAD P

  vs.

M.R. GOLDY, et al.,      ORDER AND

   Defendants.     FINDINGS AND RECOMMENDATIONS
_____/

   Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S COMPLAINT**

   In his complaint, plaintiff has identified High Desert State Prison Officers M.R. Goldy and E.A. Schwab as the defendants in this action. Plaintiff appears to allege that the defendants have harassed him, used unnecessary force against him, and issued him false rules violations because he has been charged as a sex offender. Plaintiff also appears to allege that the defendants have threatened to tell other inmates that he has been charged as a sex offender. In terms of relief, plaintiff requests injunctive relief and monetary damages. (Compl. at 1-6.)

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

Under regulations governing prison grievance procedures in California, state prisoners "may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The administrative appeal system progresses from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. In light of the Supreme Court's holding in Booth, a California prisoner must file a prison grievance on all claims challenging prison conditions and, as a general rule, proceed to the director's level of review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought by the prisoner is available through the administrative appeal system.

/////

/////

**DISCUSSION**

On plaintiff's original complaint form, Question D.2 asks "Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged. . . .?" In the space provided for plaintiff to describe how he sought relief and what results, if any, he obtained plaintiff explains that he filed a citizen's complaint with regards to defendants' alleged conduct. He also states that he has written Internal Affairs and the Federal Bureau of Investigation's Ombudsman, asking them to investigate defendants' alleged conduct. (Compl. at 6.)

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Plaintiff is advised that filing a citizen's complaint does not serve to properly exhaust his administrative remedies. Similarly, sending a letter to an internal affairs department or to an FBI ombudsman does not satisfy the exhaustion requirement. As noted above, the California Department of Corrections and Rehabilitation has an established administrative grievance system and a prescribed grievance process that plaintiff must complete prior to bringing a § 1983 action on his claims. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed"); see also Cotton v. Runnels, No. CIV S-06-1107 GEB DAD P, 2009 WL 1158941 at *7 n.4 (E.D. Cal. Apr. 29, 2009) ("plaintiff's filing of various citizen's complaints . . . do not serve as a proper exhaustion of his administrative remedies"); Evans v. Woodford, No. CIV F-06-01250 ALA (P), 2008 WL 5114653 at *2 (E.D. Cal. Dec. 4, 2008) ("citizen's complaint may not be used by a prisoner to comport with controlling law that requires proper exhaustion: as defined here by the CDCR."); McCoy v. Schirmer, No. S-05-0165 DFL DAD P, 2006 WL 845630 at *3 (E.D. Cal. March 30, 2006) ("The filing of a citizen's complaint . . . cannot constitute exhaustion of available administrative remedies for California state prisoners since state law provides an inmate appeal system specifically for prisoners.").

If a court concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. Given plaintiff's acknowledgment of non-exhaustion, the undersigned will recommend that this action be dismissed without prejudice.[1]

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ride2675.efr

---

[1] Plaintiff is informed that dismissal without prejudice will permit him to file a new action upon exhaustion of the prison grievance process. If plaintiff decides to file a new action, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.

4