IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SCOTT RIDER,

    Plaintiff,   No. CIV S-09-2675 FCD DAD P

    vs.

M.R. GOLDY, et al.,

    Defendants.   ORDER

_____/

    Plaintiff, a state prisoner proceeding pro se, is seeking relief pursuant to 42 U.S.C. § 1983.  Now before the court are plaintiff's objections to the court's February 12, 2010 findings and recommendations recommending dismissal of plaintiff's complaint without prejudice due to failure to exhaust administrative remedies.

**BACKGROUND**

    On September 24, 2009, plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  After a careful review of plaintiff's complaint, the court issued findings and recommendations on February 12, 2010, recommending that plaintiff's action be dismissed without prejudice due to his apparent failure to exhaust administrative remedies.  Therein, the court explained that plaintiff must first seek relief from the California Department of Corrections and Rehabilitation's

1

1  (CDCR) established grievance process prior to bringing a § 1983 action.  The court concluded
2  that plaintiff's allegation that he filed a citizen's complaint and mailed a letter to CDCR Internal
3  Affairs and the Federal Bureau of Investigation's (FBI) Ombudsman was insufficient to satisfy
4  the exhaustion requirement.

**PLAINTIFF'S OBJECTIONS**

On February 26, 2010, plaintiff filed timely objections to the court's findings and recommendations.  Therein, plaintiff clarifies that in addition to the citizen's complaint and the letters to Internal Affairs and the FBI, he also filed a CDC-602 grievance form.  Plaintiff alleges that the grievance form contested a CDC-115 rules violation, which was authorized by defendant Goldy.  Plaintiff suggests that this CDC-115 rules violation forms the basis of his claims against defendant Goldy.

After carefully considering plaintiff's objections, the court will allow plaintiff's civil rights action to proceed.  The United States Supreme Court has addressed the exhaustion requirement with regard to a plaintiff proceeding under § 1983 and has held that a plaintiff is not required to specifically demonstrate that he has exhausted administrative remedies in his complaint.  See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010).  Rather, lack of exhaustion is an affirmative defense which must be pleaded and proven by the defendants.  See Jones, 549 U.S. at 216.  Here, it is no longer obvious that plaintiff failed to exhaust administrative remedies prior to filing this action.  Accordingly, the court will vacate the findings and recommendations filed February 12, 2010 and will proceed to evaluate plaintiff's in forma pauperis application and screen his complaint.

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

/////

2

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff's current account balance, as of March 23, 2010, is $0.29. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations of an official personnel's involvement in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has identified High Desert State Prison Officers M.R. Goldy and E.A. Schwab as the defendants in this action. Plaintiff appears to allege that the defendants have harassed him, used unnecessary force against him, and issued false rules violations reports against him because he has been charged as a sex offender. Plaintiff also appears to allege that defendants have threatened to tell other inmates that he has been charged as a sex offender. In terms of relief, plaintiff requests injunctive relief and monetary damages. (Compl. at 1-6.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege sufficient facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements set forth in Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff decides to file an amended complaint, he is advised of the following legal standards that appear to govern the claims that he is attempting to present. First, to the extent that plaintiff claims that defendant Schwab used excessive force against him, plaintiff should allege a violation of his Eighth Amendment rights. To prevail on an Eighth Amendment claim, plaintiff must allege facts showing that objectively he suffered a "sufficiently serious deprivation," and that subjectively defendant Schwab had a culpable state of mind in causing plaintiff's serious deprivation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). In the context of a prison official applying force

5

against an inmate, defendant Schwab would have had a culpable state of mind if he used force "maliciously and sadistically for the very purpose of causing [plaintiff] harm." Whitley v. Albers, 475 U.S. 312, 318 (1986).

Second, plaintiff is advised that allegations of verbal harassment or abuse alone do not violate the Constitution and thus do not give rise to a claim for relief under 42 U.S.C. § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding that vulgar language and verbal harassment do not state a constitutional deprivation under § 1983). Even verbal conduct that constitutes a threat does not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987). Therefore, plaintiff does not allege a cognizable constitutional violation by simply stating that defendants Goldy and Schwab harassed him by threatening to tell other inmates that he had been charged as a sex offender.

However, to the extent that plaintiff alleges that defendants Goldy and Schwab failed to protect him by revealing his criminal history to other inmates, plaintiff may have a cognizable claim under the Eighth Amendment. To prevail on this claim, plaintiff must allege facts showing that: (1) defendants knew that he faced a substantial risk of serious harm once they revealed his criminal history to other inmates; and (2) defendants disregarded that risk by failing to take reasonable measures to abate it. See Farmer, 511 U.S. at 847. Again, plaintiff must allege facts demonstrating that the named defendants had a "sufficiently culpable state of mind," one of deliberate indifference to his health or safety. Id. at 834.

Third, plaintiff appears to allege that a falsified CDC-115 report violated his rights under the Due Process Clause of the Fourteenth Amendment. If plaintiff wishes to pursue a due process claim, he must first allege facts demonstrating that he was deprived of a liberty or property interest protected by the Due Process Clause. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). In this regard, plaintiff has a cognizable liberty interest under the Due Process Clause if he can

6

demonstrate that the falsified CDC-115 led to disciplinary sanctions that imposed an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484-87 (1995); <u>see</u> e.g., <u>Young v. Smalls</u>, Civ. No. 09-2545 DMS (JMA), 2010 WL 1526370, at *2 (S.D. Cal. April 15, 2010) (finding that, for screening purposes, a prisoner demonstrated a cognizable liberty interest when he alleged that he was denied outdoor exercise for nine months, was kept in a cell containing wastewater, and had his cell lights on for twenty four hours a day).

Finally, plaintiff is informed that the court cannot refer to prior pleadings in order to make his amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, if plaintiff files an amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The court's February 12, 2010 findings and recommendations (Doc. No. 6) are vacated;

2. Plaintiff's September 24, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

4. Plaintiff's complaint (Doc. No. 1) is dismissed;

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

      6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: May 5, 2010.

                                                          DALE A. DROZD
                                                          UNITED STATES MAGISTRATE JUDGE

DAD:sj
ride2675.14a