IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SCOTT RIDER,

    Plaintiff,                             No. CIV S-09-2675 FCD DAD P

    vs.

M. R. GOLDY, et al.,

    Defendants.                      ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983.  By order filed May 6, 2010, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint.  Now pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, plaintiff alleges that defendant correctional officer Goldy informed other inmates that plaintiff was a criminal sex offender. (Am. Compl. at 3.) Plaintiff further alleges that in doing so, defendant Goldy knew other inmates would try to seriously harm plaintiff as a result. (Id.) According to plaintiff, after defendant Goldy created this dangerous situation, defendant Goldy failed to take reasonable measures to ensure his safety. (Id.)

Plaintiff also alleges in his amended complaint that defendant correctional officer Schwab assaulted plaintiff and then conspired with defendant Goldy to conceal the assault. (Id.) Specifically, plaintiff maintains that the two defendants issued a false rules violation report against him regarding this incident, which eventually led to plaintiff forfeiting time credits. (Id.)

In terms of relief, plaintiff seeks monetary damages and an injunction that restricts prison officials from using physical force against inmates. (Id.)

**DISCUSSION**

The allegations in plaintiff's complaint are still so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for

relief. See Fed. R. Civ. P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), his amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff elects to file a second amended complaint, he is advised of the following legal standards that govern the claims he is attempting to present. To the extent that plaintiff claims defendant Goldy has violated his Eighth Amendment rights by failing to protect him from other inmates who believe plaintiff to be a sex offender, he must allege facts showing that: (1) defendant knew that plaintiff faced a substantial risk of serious harm; and (2) defendant disregarded that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Moreover, if plaintiff seeks to recover damages on this claim he must allege facts showing that he suffered actual physical injury as a result of defendant Goldy failing to protect him. See Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996) ("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment."); see also Henslee v. Wilson, No. 08cv1015-IEG-LSP, 2009 WL 2575982 at *2-3 (S.D. Cal. Feb. 5, 2009) (dismissing plaintiff's failure to protect claim where he failed to allege that he was actually attacked).[1]

/////

---

[1] Plaintiff does not appear to be seeking prospective relief with respect to his Eighth Amendment failure to protect claim. However, should he decide to seek such prospective relief in any second amended complaint he elects to file, plaintiff is advised that he must be able to allege facts showing that: (1) he faces an imminent likelihood of physical danger; and (2) defendant Goldy is unlikely to protect him from that danger. See e.g., Stevens v. Harper, 213 F.R.D. 358, 370-71 (E.D. Cal. 2002) (finding that plaintiff was not entitled to prospective injunctive relief on his failure to protect claim when he failed to allege facts showing an imminent likelihood of danger).

With respect to plaintiff's claim regarding the alleged false rules violation report, the court finds that his amended complaint again fails to state a cognizable claim. The United States Supreme Court has ruled that a prisoner may not recover under § 1983 for any harm caused by actions whose unlawfulness would render his imprisonment invalid, unless he is able to prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In this case, plaintiff alleges that defendants Schwab and Goldy issued a false rules violation report against him, which resulted in his loss of time credits. (Am. Compl. at 3.) If plaintiff is successful in this action on this claim, his success would necessarily imply the invalidity of those lost time credits and therefore would imply the invalidity of his confinement. Plaintiff, however, has not demonstrated that the contested rules violation has been properly reversed or set aside. Accordingly, plaintiff's claims regarding the alleged assault and the related alleged false rules violation are barred under Heck. See Edwards v. Balisok, 520 U.S. 641 (1997) (dismissing a § 1983 action because a successful challenge to the plaintiff's disciplinary hearing would necessarily imply the invalidity of his lost time credits). Plaintiff is advised that he should not reassert this claim in any second amended complaint he elects to file unless he can satisfy this requirement.

Lastly, plaintiff is reminded that the court cannot refer to a prior pleading in order to make his second amended complaint complete. See Local Rule 220. In general, an amended complaint supercedes the previous pleadings. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, if plaintiff elects to file a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged therein.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 12) is dismissed.

      2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      3. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: August 4, 2010.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
ride2675.14a(2)