1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER SCOTT RIDER,

11            Plaintiff,                    No. CIV S-09-2675 KJM DAD P

12        vs.

13   M.R. GOLDY, et al.,                    ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
14            Defendants.

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to declare

18   plaintiff a vexatious litigant and to revoke plaintiff's in forma pauperis ("IFP") status.  Plaintiff

19   has filed an opposition to the motion, and defendants have filed a reply.

20                              **BACKGROUND**

21            Plaintiff is proceeding on his second amended complaint against defendants

22   Schwab and Goldy.  Therein, plaintiff alleges that defendant Schwab used excessive force

23   against plaintiff and that defendant Goldy failed to protect plaintiff from a known risk of serious

24   harm, both in violation of the Eighth Amendment.  (Sec. Am. Compl. (Doc. No. 17) at 3.)

25   Plaintiff seeks monetary damages and an order prohibiting "state correctional officers from using

26   force against inmates."  (Id.)

1 **DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS**
**LITIGANT AND REVOKE PLAINTIFF'S IFP STATUS**
2

3   I. Defendants' Motion

4         Defense counsel argues that plaintiff is a vexatious litigant.  Specifically, counsel

5   asserts that plaintiff has filed at least five actions in the last seven years that have been adversely

6   determined against him.  Counsel also argues that the court should revoke plaintiff's IFP status

7   because on at least three occasions prior to filing this action plaintiff has had civil actions

8   dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon

9   which relief may be granted, thereby incurring a strike in each instance under 28 U.S.C. §

10  1915(g).  Counsel lists six actions, three filed in the Northern District of Indiana and three filed

11  in the Eastern District of California, that defense counsel asserts have been adversely determined

12  against plaintiff in the last seven years.[1]  Counsel also represents that in these earlier-filed civil

13  actions, the court dismissed plaintiff's complaint for failure to state a claim upon which relief

14  could be granted.  (Defs.' Mot. to Dismiss (Doc. No. 27-1) at 2-7.)

15  II. Plaintiff's Opposition

16        In opposition to defendants' motion, plaintiff argues that he qualifies for IFP

17  status under the imminent danger exception provided for by 28 U.S.C. § 1915(g).  In this regard,

18  plaintiff argues that at the time he filed this action he was in imminent danger of serious physical

19  injury.  Specifically, plaintiff alleges that he has been assaulted on several occasions during his

20  incarceration because of his status as a sex offender and is therefore continually in imminent

21  danger.  (Pl.'s Opp'n. to Defs.' Mot. to Dismiss (Doc. No. 34) at 1-3.)

22  /////

23   ─────────────────
        [1] Defendants requests that judicial notice be taken of the six cases previously pursued by
24  plaintiff.  Judicial notice of adjudicative facts is appropriate with respect to matters that are
     beyond reasonable dispute in that they are either generally known or capable of accurate and
25  ready determination by resort to a source whose accuracy cannot reasonably be questioned.  See
     Fed. R. Evid. 201 and Advisory Committee Notes.  Here, the court will grant defendants' request
26  for judicial notice.

III.  Defendants' Reply

In reply, defense counsel argues that plaintiff has merely alleged a generalized threat to his safety because of his status as a sex offender, which does not meet the imminent danger of serious physical injury exception under § 1915(g).  (Defs.' Reply (Doc. No. 38) at 1-3.)

**ANALYSIS**

I.  Vexatious Litigants

Rule 151 of the Local Rules of Court for the Eastern District of California provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate.  The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

In turn, Section 391(b) of the California Code of Civil Procedure provides:

> (b) "Vexatious litigant" means a person who does any of the following:
>
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

3

1        (4) Has previously been declared to be a vexatious litigant by any
      state or federal court of record in any action or proceeding based
2        upon the same or substantially similar facts, transaction, or
      occurrence.

3

4        Finally, Section 391.1 of the California Code of Civil Procedure provides:

5        In any litigation pending in any court of this state, at any time until
      final judgment is entered, a defendant may move the court, upon
6        notice and hearing, for an order requiring the plaintiff to furnish
      security.  The motion must be based upon the ground, and
7        supported by a showing, that the plaintiff is a vexatious litigant and
      that there is not a reasonable probability that he will prevail in the
8        litigation against the moving defendant.

9        The Ninth Circuit has counseled caution in declaring plaintiffs vexatious litigants.

10  That court has explained that "orders restricting a persons's access to the courts must be based on

11  adequate justification supported in the record and narrowly tailored to address the abuse

12  perceived."  DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990).  Strictly speaking, here

13  plaintiff has brought at least five unsuccessful lawsuits in the seven years prior to his filing of the

14  original complaint in this action.  However, based on defendants' motion, this court cannot say

15  that plaintiff's filings have been so "numerous or abusive" or "inordinate" to warrant a vexatious

16  litigant order.  Id. at 1147-48 (examples of "numerous or abusive" filings include plaintiffs who

17  have filed 35 related complaints, more than 50 frivolous cases, or more than 600 complaints).

18  Nor can this court say that plaintiff's litigation activity reflects a "pattern of harassment."  Id. at

19  1140.

20        Moreover, it is not clear that plaintiff has no reasonable probability of succeeding

21  on the merits of this case.  In screening plaintiff's second amended complaint, the court

22  determined that it appeared to state cognizable claims for relief pursuant to 42 U.S.C. § 1983.  In

23  that screening order the court also noted that if plaintiff proved the allegations in his second

24  amended complaint, he had a reasonable opportunity to prevail on the merits of this action.  See

25  Screening Order, Oct. 6, 2010 (Doc. No. 18).  See also Hollis v. Dezember, No. CIV S-08-2810

26  KJN P, 2010 WL 4220535 (E.D. Cal. Oct. 20, 2010) (denying defendants' motion to declare

1  plaintiff a vexatious litigant because the court could not determine at that juncture that there was

2  no reasonable probability that plaintiff would not prevail against any defendant).

3           Accordingly, the court will deny defendants' motion seeking to have plaintiff

4  declared a vexatious litigant.

5  II.  IFP Status

6           The federal in forma pauperis statute includes a limitation on the number of

7  actions in which a prisoner can proceed in forma pauperis.

8           In no event shall a prisoner bring a civil action or appeal a
            judgment in a civil action or proceeding under [§ 1915] if the
9           prisoner has, on 3 or more prior occasions, while incarcerated or
            detained in any facility, brought an action or appeal in a court of
10          the United States that was dismissed on the grounds that it is
            frivolous, malicious, or fails to state a claim upon which relief may
11          be granted, unless the prisoner is under imminent danger of serious
            physical injury.

12

13  28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

14  dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

15  prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

16          For purposes of § 1915(g), the court must determine whether plaintiff has, on

17  three or more occasions prior to the filing of this new action, brought a civil action or appeal that

18  was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

19  which relief could be granted.  Where a court denies a prisoner's application to file an action

20  without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

21  or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

22  purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

23          Here, defendants have demonstrated that plaintiff has suffered at least four such

24  dismissals that qualify under the terms of § 1915(g).  In this regard, plaintiff suffered a strike on

25  July 7, 2003, when the district court specifically dismissed Rider v. Kelley, 3:03-cv-474-AS

26  (N.D. Ind.), for failure to state a claim upon which relief may be granted.  Plaintiff suffered a

5

1  second strike on July 8, 2003, when the district court dismissed <u>Rider v. Vanater</u>, 3:03-cv-473-

2  RM (N.D. Ind.), for failure to state a claim upon which relief may be granted.  Plaintiff suffered a

3  third strike on July 16, 2003, when the district court dismissed <u>Rider v. Rider</u>, 3:03-cv-0472-

4  RLM-CAN (N.D. Ind.), again due to plaintiff's failure to state a claim upon which relief may be

5  granted.  Finally, plaintiff suffered a fourth strike on February 22, 2008 when the district court

6  dismissed <u>Rider v. Hernandez</u>, No. CIV 07-1862-LJO-SMS (E.D. Cal.), for failure to state a

7  claim upon which relief may be granted.  (Defs.' Mot. to Dismiss Ex. C-1, D-1, D-2, E-1, E-2, F-

8  1 & F-2 (Doc. No. 23-2) at 5-34.)

9          Moreover, on January 13, 2011, in <u>Rider v. Rangel</u>, No.1:07-cv-1340-LJO-MJS

10  (E.D. Cal.) the assigned Magistrate Judge issued findings and recommendations recommending

11  that plaintiff's IFP status in that case be revoked because plaintiff had suffered at least three

12  strikes under § 1915(g) prior to filing his complaint in that action.[2]  In those findings and

13  recommendations the assigned Magistrate Judge counted the dismissals in <u>Rider v. Rider</u>, <u>Rider</u>

14  <u>v. Vanater</u>, and <u>Rider v. Kelley</u>, noted above, as strikes pursuant to § 1915(g).[3]  The assigned

15  District Judge adopted those January 31, 2011 findings and recommendations on March 7, 2011,

16  and ordered plaintiff's IFP status in <u>Rider v. Rangel</u> revoked.

17          Here, plaintiff commenced this action on September 24, 2009, by filing a civil

18  rights complaint together with an application to proceed in forma pauperis.  As noted above,

19  however, plaintiff filed this action after having brought three or more prior federal actions that

20

21          [2]  A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>,
    803 F.2d 500, 504 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

22

23          [3]  The Magistrate Judge's January 13, 2011 findings and recommendations in <u>Rider v.</u>
    <u>Rangel</u> did not count the dismissal in <u>Rider v. Hernandez</u> as qualifying as a strike only because
24  plaintiff filed his complaint in <u>Rider v. Rangel</u> prior to the issuance of the order of dismissal in
    <u>Rider v. Hernandez</u> on February 22, 2008.  Here, plaintiff filed his original complaint in this
25  action on September 24, 2009, well after the order dismissing plaintiff's complaint in <u>Rider v.</u>
    <u>Hernandez</u> was filed.  Thus, in this case the dismissal of plaintiff's complaint in <u>Rider v.</u>
26  <u>Hernandez</u> for failure to state a claim upon which relief may be granted qualifies as yet another
    strike against plaintiff for purposes of § 1915(g).

1  were dismissed on the grounds specified in 28 U.S.C. § 1915(g).  Therefore, plaintiff is

2  precluded from proceeding in forma pauperis unless he can demonstrate that he is under

3  imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g).

4               Under the imminent danger exception of § 1915(g) a prisoner may use IFP status

5  to bring a civil action despite three prior dismissals only where the prisoner is under imminent

6  danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir.

7  2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured

8  him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet

9  the imminence prong of the three-strikes exception.").  "Prisoners qualify for [this] exception

10  based on the alleged conditions at the time the complaint was filed.  And qualifying prisoners can

11  file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply

12  to only certain types of relief."  Andrews, 493 F.3d at 1052.  However, "the exception applies if

13  the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious

14  physical injury' at the time of filing."  Id. at 1055.

15               Here, plaintiff alleges in his second amended complaint that at High Desert State

16  Prison on May 12, 2010, correctional officer Goldy told plaintiff that Goldy intended to tell other

17  inmates about plaintiff's status as a sex offender and that Goldy would not protect plaintiff if

18  plaintiff were assaulted.[4]  (Sec. Am. Compl. (Doc. No. 17) at 3.)  That same day, correctional

19  /////

20

---

21      [4]  In his original complaint, filed September 24, 2009, plaintiff alleged that in April of
2009 defendant Goldy threatened to tell other inmates about plaintiff's status as a sex offender,

22  and that on May 12, 2009, defendant Schwab sexually harassed plaintiff.  (Compl. (Doc. No. 1)
at 3-5.)  That complaint was dismissed with leave to amend because the allegations set forth

23  therein were found by the court to be vague and conclusory.  (Screening Order, May 5, 2010
(Doc. No. 9)).  Plaintiff filed his first amended complaint on June 7, 2010, alleging that on some

24  unspecified date defendant Goldy told other inmates about plaintiff's status as a sex offender and
that on an unspecified date defendant Schwab attacked plaintiff.  (Am. Compl. (Doc. No. 12) at

25  3.)  On August 4, 2010, plaintiff's first amended complaint was dismissed with leave to amend
because the allegations set forth therein were once again found to be vague and conclusory.

26  (Screening Order, August 4, 2010 (Doc. No. 13)).

1   officer Schwab allegedly assaulted plaintiff.  (Id.)  According to plaintiff, Officer Goldy observed

2   the assault and failed to act to protect plaintiff.  (Id.)

3              Such allegations, if expounded upon with respect to a continuing practice, could

4   conceivably meet the ongoing danger standard and the imminence prong of the three-strikes

5   exception.  See Andrews, 493 F.3d at 1056-57.  However, on March, 17, 2010, plaintiff notified

6   the court that he had been transferred from High Desert State Prison to the California Substance

7   Abuse Treatment Facility and State Prison ("CSATF").  (Doc. No. 8.)  Then on August 4, 2010,

8   plaintiff notified the court that he had been transferred from CSATF to Salinas Valley State

9   Prison.[5]  (Doc. No. 14.)  Plaintiff does not allege that defendant Goldy or defendant Schwab

10  work at either CSATF or Salinas Valley State Prison and counsel has represented that the

11  "defendants are located at High Desert State Prison[.]"  (Defs.' Mot. to Dismiss (Doc. No. 27-1)

12  at 6.).  Thus, it is apparent that plaintiff was not in imminent danger of serious physical injury

13  from defendant Goldy or defendant Schwab at the time plaintiff filed his second amended

14  complaint.  Therefore the imminent danger exception does not apply here.  See Andrews, 493

15  F.3d at 1055 ("Instead, the exception applies if the complaint makes a plausible allegation that

16  the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); see also

17  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding failure to protect allegations

18  against prison officials who put an inmate convicted of sexual battery in general population

19  failed to meet imminent danger standard because the threat had ceased prior to filing the

20  complaint and there were no allegations that plaintiff was in imminent danger of serious physical

21  injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger);

22  Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner faced

23  imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize

24

25      [5]  Given the above time line it is unclear how plaintiff could have been threatened and
    assaulted on May 12, 2010, at High Desert State Prison since it appears that plaintiff had been
26  transferred from High Desert State Prison to CSATF as of March of 2010.

1  the prisoner to pay the filing fee on the installment plan."); Winfield v. Schwarzenegger, No.

2  2:09-cv-0636 KJN P, 2010 WL 3397397, at *2 (E.D. Cal. Aug. 27, 2010) ("At the time of filing

3  the operative . . . complaint, plaintiff was incarcerated at [CSP-Sacramento]; thus, he is not

4  facing imminent danger of serious physical injury based on allegations against defendant . . .at

5  San Quentin State Prison.").

6        Plaintiff alleges in his opposition to defendants' motion that because of the nature

7  of his conviction he has been previously assaulted by other inmates and therefore has always

8  been, and always will be, in imminent danger of serious physical injury so long as he is

9  incarcerated.  However, plaintiff does not allege that these claimed prior assaults occurred

10  because of a practice by prison officials of failing to protect him, nor does he allege that such a

11  practice is ongoing.  Indeed, plaintiff states in his opposition to defendants' motion that after

12  "[a]ll the assaults that took place" plaintiff was "placed in administrative segregation and then

13  transferred."  (Pl.'s Opp'n. to Defs.' Mot. to Dismiss (Doc. No. 34) at 2.)  While it may be true

14  that plaintiff has been previously assaulted while imprisoned because of his status as a sex

15  offender, plaintiff has not alleged that he is facing an ongoing danger of being assaulted because

16  prison officials are continuing with a practice that has injured him in the past.  See Andrews, 493

17  F.3d at 1056-57 ("[A] prisoner who alleges that prison officials continue with a practice that has

18  injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and

19  meet the imminence prong of the three-strikes exception."); Ashley, 147 F.3d at 717 ("In short,

20  because Ashley has properly alleged an ongoing danger, and because his complaint was filed

21  very shortly after the last attack, we conclude that Ashley meets the imminent danger exception

22  in § 1915(g)."); see also Allen v. Georgia, Civil Action No. CV210-076, 2010 WL 3418923, at

23  *1 (S.D. Ga. Aug. 30, 2010) ("The mere status of being an incarcerated sex offender is not

24  enough to meet the imminent danger exception of § 1915.")

25        Therefore, plaintiff may proceed with this action only if he pays the $350 filing

26  fee in full.  In this regard, the Ninth Circuit Court of Appeals has made clear that issues

9

1   surrounding the denial of an application to proceed in forma pauperis become moot upon a

2   litigant's paying of the filing fee.  See Lipscomb v. Madigan, 221 F.2d 798 (9th Cir. 1955)

3   (movant's application to docket his appeal in forma pauperis, "having become moot" by payment

4   of docket fee, was dismissed); Funtanilla v. Tristan, No. 05-17096, 2007 WL 1663670 at *1 (9th

5   Cir. Mar. 12, 2007) (reversing a district court's dismissal under 28 U.S.C. 1915(g) where

6   plaintiff paid the filing fee in full prior to dismissal since "once [plaintiff's] fee was paid, the

7   issue of his IFP status became moot")[6]; see also Stringham v. Bick, No. CIV S-09-0286 MCE

8   DAD P, 2010 WL 580019 at *1 (E.D. Cal. Feb. 11, 2010) (vacating findings and

9   recommendations to dismiss a civil rights action pursuant to § 1915(g) because plaintiff paid the

10  filing fee); Hernandez v. Ventura County, No. CV 09-7838 GHK (JC), 2010 WL 3603491 at *6

11  (C.D. Cal. July 27, 2010) (recommending that defendants' motion to revoke plaintiff's in forma

12  pauperis status be granted, plaintiff's in forma pauperis status be revoked, and the action be

13  dismissed unless plaintiff paid the statutory filing fee); Johnson v. Tilton, No. CV 09-2862, 2010

14  WL 3782446 at *4 (C.D. Cal. July 22, 2010) (same).[7]

15          Accordingly, the undersigned will recommend that plaintiff be allowed to proceed

16  with this civil action only if he pays the filing fee within twenty-one days after being served with

17  these findings and recommendations, the same period of time provided for the filing of

18  objections to these findings and recommendations.

19                                          **OTHER MATTERS**

20          Also pending before the court are plaintiff's motion for leave to file an opposition

21  to defendants' motion and plaintiff's motion to strike defendants' motion to have plaintiff

22  _____

23      [6]  Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule
    36-3(b).

24

25      [7]  The Eleventh Circuit Court of Appeals has held that lower courts must dismiss an
    action and not allow a litigant to pay the filing fee after revoking his IFP status pursuant to §
    1915(g).  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).  However, that authority is not

26  binding on this court which is bound by the decisions of the Ninth Circuit.

declared a vexatious litigant.  On April 6, 2011 plaintiff filed a motion for leave to file an

opposition to defendants' motion together with an opposition to defendants' motion.  (Doc. No.

34 & 36.)  Plaintiff's motion for leave will be granted nunc pro tunc.  As to plaintiff's motion to

strike defendants' motion to declare plaintiff a vexatious litigant and to revoke plaintiff's IFP

status, plaintiff has provided no legal authority for striking defendants' motion.  Accordingly,

plaintiff's motion to strike will be denied.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1.  Defendants' February 11, 2011 motion to declare plaintiff a vexatious litigant

(Doc. No. 27) is denied;

2.  Plaintiff's April 6, 2011 motion for leave to file an opposition (Doc. No. 36) is

granted nunc pro tunc; and

3.  Plaintiff's April 6, 2011 motion to strike defendants' motion to have plaintiff

declared a vexatious litigant (Doc. No. 37) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Defendants' February 11, 2011 motion to revoke plaintiff's IFP status (Doc.

No. 27) be granted;

2.  Plaintiff's IFP status be revoked; and

3.  This action be dismissed without prejudice, unless plaintiff pays the full

statutory filing fee by the deadline for the filing of objections to these findings and

recommendations.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11

shall be served and filed within seven days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2011.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
prisoner-civilrights.rider2675.ifp.revoke

12